UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ELOY RODRIGUEZ, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-72 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the Jester III Unit in Richmond, Texas. Proceeding *pro se*, Petitioner filed this petition pursuant to 28 U.S.C. § 2254 on March 3, 2014. Petitioner claims that his due process rights were violated in a number of ways when he was tried and convicted of robbery. Respondent filed a motion for summary judgment on June 6, 2014 (D.E. 14) to which Petitioner did not respond. For the reasons set forth below, it is recommended that Respondent's motion for summary judgment be granted and Petitioner's application for habeas corpus relief be dismissed without prejudice as unexhausted. It is further recommended that any request for a Certificate of Appealability be denied.

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 because Petitioner was convicted in Nueces County, Texas. *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

Following a jury trial, Petitioner was convicted of Robbery in the 105th District Court of Nueces County, Texas on August 22, 2012 and sentenced to a term of twenty-five years in TDCJ-CID. I CR 47-48[1] (D.E. 12-7 at 50-51). Shortly after the trial, one of the jurors wrote a letter to the court stating that she voted to find Petitioner guilty of robbery was because she felt pressured by the court and the other jurors to reach a unanimous decision. I CR 51 (D.E. 12-7 at 54).

On September 4, 2012 Petitioner's attorney filed a notice of appeal. I CR 50 (D.E. 12-7 at 53). On September 21, 2012 Petitioner's attorney filed a motion for new trial and a motion in arrest of judgment, citing the letter from the juror and asking the court to grant a new trial. I CR 53-54 (D.E. 12-7 at 56-57). On December 17, 2012 a hearing was held on the motion for new trial. The trial court overruled the motion on February 20, 2013. Supp. CR 18 (D.E. 12-6 at 20). On January 16, 2014 the Thirteenth Court of Appeals affirmed the judgment of the trial court. *Rodriguez v. State*, No. 13-12-00574-CR, 2014 WL 223219 (Tex. App. –Corpus Christi 2014, no writ). Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals (D.E. 1 at 3).

While Petitioner's case was pending at the Thirteenth Court of Appeals, he filed an application for habeas relief with the Texas Court of Criminal Appeals. *Ex Parte Rodriguez*, WR-79,983-01 at 2-23 (D.E. 12-13 at 6-27). The application was dismissed

---

[1] "CR" refers to the Clerk's record filed in this case at D.E. 12-7.

on August 21, 2013 because the direct appeal was still pending. *Id.* at "Action Taken" page (D.E. 12-13 at 2).

Petitioner filed his instant habeas application on March 3, 2014 and makes the following arguments:

(1) Trial counsel was ineffective because he (a) failed to file pre-trial motions; (b) failed to request and secure evidence, including a video recording of the incident; (c) failed to interview witnesses to the incident; (d) failed to file an application for habeas corpus relief prior to the indictment (e) failed to effectively cross-examine witnesses and (f) failed to secure his appellate rights regarding his motion for new trial based on juror misconduct;

(2) Petitioner's appellate counsel was ineffective because he failed to meet with Petitioner and failed to properly secure his rights on appeal;

(3) Petitioner's co-defendant lied when she testified against him;

(4) Other witnesses lied when they testified and colluded to testify against Petitioner;

(5) The prosecutor withheld exculpatory evidence from Petitioner;

(6) The trial court allowed the prosecutor to engage in malicious prosecution and

(7) The purported victims did not suffer the injuries claimed.

In Respondent's motion for summary judgment he argues that Petitioner failed to exhaust his state court remedies because he has not presented his claims to the Texas Court of Criminal Appeals. Respondent concedes that the petition is timely filed and not subject to the second or successive bar.

## APPLICABLE LAW

**A. Exhaustion**

Respondent contends that Petitioner's claim is unexhausted. Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir.1995). The exhaustion requirement "is not jurisdictional, but reflects the policy of federal-state comity, which is designed to give state courts the initial opportunity to consider and correct alleged violations of their prisoners' federal rights." *Morris v. Dretke*, 413 F.3d 484, 490-91 (5th Cir. 2005)(citing *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

Petitioner did not file a PDR with the Texas Court of Criminal Appeals and although he filed a state habeas application, it was dismissed because his direct appeal was pending. Thus, Petitioner has not exhausted his state court remedies and must do so before seeking habeas relief in federal court. It is recommended that Petitioner's habeas

corpus cause of action be dismissed without prejudice for failure to exhaust state court remedies.[2]

## B.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

---

[2] Petitioner is cautioned that there is a one-year statute of limitations for filing a habeas action in federal court.  28 U.S.C. § 2244(d)(1).  Although the period can be tolled by a properly filed state habeas application, it was not tolled during the pendency of Petitioner's first habeas application because that application is not considered properly filed.  *Larry v. Dretke*, 361 F.3d 890 (5th Cir. 2004).  Nor is the limitations period tolled during the pendency of this federal application. *Duncan v. Walker*, 533 U.S. 167, 181-182 (2001).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed or denied on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his claims be denied on procedural grounds because he failed to exhaust his state court remedies. Reasonable jurists would not find the assessment of the exhaustion issue debatable or wrong. If the district court orders that Petitioner's habeas petition be dismissed without prejudice and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

## **RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that Respondent's motion to dismiss (D.E. 14) be GRANTED. Petitioner's application should be dismissed without

prejudice because it is unexhausted. It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 16th day of July, 2014.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).