UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELOY RODRIGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-72 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Respondent's motion for summary judgment. D.E. 14. On July 16, 2014, United States Magistrate Judge B. Janice Ellington submitted a Memorandum and Recommendation recommending that Petitioner's claim be dismissed. D.E. 15. On August 4, 2014, Petitioner filed his objections. D.E. 19. Petitioner's objections are set out and discussed below.

First, Petitioner objects to the Magistrate Judge's finding that his claims are unexhausted. Petitioner asserts that his state remedy is fully exhausted because the Texas Court of Criminal Appeals issued an "Action Taken" order dismissing his claims on August 21, 2013. D.E. 19, p. 2; *see also* D.E. 12-13, p. 2 (dismissing Petitioner's writ of habeas corpus because his direct appeal was still pending). Petitioner also asserts that he is not obligated to file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals. D.E. 19, p. 2.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Therefore, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). In order to exhaust all available state remedies, a Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a PDR or an application for a writ of habeas corpus. *See Orman v. Cain*, 228 F.3d 616, 620 (5th Cir. 2000) (stating that a petitioner who did not directly appeal his guilty plea and conviction was still entitled to petition for federal habeas relief because he pursued a claim for state habeas relief before filing his federal habeas suit). An erroneously filed state habeas petition will not satisfy the exhaustion requirement. *See Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (holding that the state's highest court was denied a fair opportunity to consider a petitioner's claim because the petitioner filed his state habeas petition improperly; his claim therefore remained unexhausted).

Here, Petitioner correctly notes that he was not required to file a PDR. However, to exhaust his claims, Petitioner must have filed a proper claim for state habeas relief in lieu of a PDR. Petitioner did in fact file a writ of habeas corpus with the Texas Court of Criminal Appeals; however, the application was dismissed because Petitioner's direct appeal was still pending at the Thirteenth Court of Appeals when his state habeas

application was filed.[1] Accordingly, Petitioner's state habeas claim was not properly filed and thus fails to satisfy the exhaustion requirement. Petitioner's first objection is **OVERRULED**.[2]

Second, Petitioner objects to the Magistrate Judge's recommendation to deny a Certificate of Appealability (COA). Petitioner argues that "denying the [COA] would further violate [his] constitutional right[s] . . . ." D.E. 19, p. 2. A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When claims are dismissed on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner's claims are being dismissed on procedural grounds. Reasonable jurists would not debate that Petitioner's claims are unexhausted because (1) Petitioner did not file a PDR with the Texas Court of Criminal Appeals, and (2) Petitioner's state habeas application does not satisfy the exhaustion requirement because it was not properly filed. Accordingly, Petitioner's second objection is **OVERRULED**.

---

[1] The Texas Court of Criminal Appeals lacked jurisdiction to pass upon the merits of Petitioner's habeas application while his appeal was still pending in the Thirteenth Court of Appeals. *See Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir. 2004) (citing *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000)) (stating that the Texas Court of Criminal Appeals "does not have jurisdiction to consider an application for writ of habeas corpus pursuant to [TEX. CODE CRIM. PROC.] Art. 11.07 until the . . . judgment from which relief is sought becomes final.").

[2] The Court reiterates the Magistrate Judge's admonition concerning the one-year statute of limitations for filing a habeas action in federal court. Although the period can be tolled by a properly filed state habeas application, it was not tolled during the pendency of Petitioner's first habeas application because that application is not considered properly filed. *Larry v. Dretke*, 361 F.3d 890, 898 (5th Cir. 2004). Similarly, the limitations period is not tolled during the pendency of this federal application. *Duncan v. Walker*, 533 U.S. 167, 181-182 (2001).

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's motion for summary judgment (D.E. 14) is **GRANTED**, and Petitioner's habeas application (D.E. 1) is **DISMISSED** without prejudice. A Certificate of Appealability is **DENIED**.

ORDERED this 18th day of August, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE